**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

**CHILD A., by his next friend PARENT A,**

                  **Plaintiffs,**

-vs-

**SOUTH LYON COMMUNITY SCHOOLS;**
**SOUTH LYON COMMUNITY SCHOOLS**
**BOARD OF EDUCATION;   STEVEN**
**ARCHIBALD, individually and in his official**
**capacity as Superintendent of South Lyon**
**Community Schools; BRIAN TOTH,**
**individually and in his official capacity as**
**Assistant-Superintendent of South Lyon**
**Community Schools; JAE ANN WHITE,**
**individually and in her official capacity**
**as Restorative Practices Facilitator for South**
**Lyon Community Schools; and JAMES**
**BRENNAN, individually and in his official**
**capacity as Principal of South Lyon**
**Community Schools High School, Jointly**
**and Severally,**

                  **Defendants.**

**VERIFIED COMPLAINT**

**FILE NO: _____**

**JUDGE**

---

_____/

**David A. Kallman**        **(P34200)**
**Stephen P. Kallman**     **(P75622)**
**KALLMAN LEGAL GROUP, PLLC**
**Attorneys for Plaintiffs**
**5600 W. Mount Hope Hwy.**
**Lansing, MI  48917**
**(517) 322-3207**

---

    **NOW COMES** the above-named Plaintiff, by and through his Next Friend and undersigned counsel, and brings this Verified Complaint against the above-named Defendants, their employees, agents, and successors in office, and in support thereof alleges the following upon information and belief:

1

**INTRODUCTION**

1.      "If there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable." *Texas v. Johnson*, 491 U.S. 397 (1989). "Speech may not be banned on the ground that it expresses ideas that offend." *Metal v. Tam*, 137 S.Ct. 1744, 1751 (2017).

2.      A foundational core of our Constitutional Republic is that the State cannot punish its citizens for engaging in speech that is protected by the First Amendment. Just as citizens cannot be criminally punished for protected speech, a public school cannot discipline speech that falls within the ambit of the First Amendment and which does not occur at the school or any school sponsored event.

3.      This case arises because of a private snap chat group text that occurred entirely at Michigan State University (MSU) on August 22, 2022, between numerous children who were all friends and acquaintances. All the children participating in the chat were present with many of their parents to watch a soccer game at MSU. All the children used their private cell phones.

4.      No one associated with Defendants organized, paid for, or supervised the event. No school equipment or school transportation was used. One assistant soccer coach went along to watch the game, however, he did not oversee, organize, coordinate, or supervise the trip in any manner. The parents solely organized and supervised the trip.

5.      School did not begin until September 6, 2022. The snap chat did not occur on the school grounds or campus, with school property or equipment, at a school sponsored event or field trip, nor was it connected to any function of the school in any way.

6.      Despite the children sending these text messages from their privately owned phones, on summer break from school, Defendants acted outside the scope of their statutory

authority and also violated Plaintiff's constitutional rights by disciplining him through suspending him from attending extracurricular activities and events, by kicking him off his athletic team solely for the expression contained in the text messages, and upon information and belief, placed a record of the discipline in Plaintiff's permanent school record, transcript, and file.

7.     It is the parents, however, who have the right to discipline their children, not the government authorities employed by the school.

8.     The messages were memes and photographs in the snap chat that were inappropriate and immature (Exhibit C).

9.     This case seeks to protect and vindicate statutory and fundamental constitutional rights. Plaintiff brings this civil rights action under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, and for other statutory and constitutional violations, challenging Defendants' acts, policies, practices, customs, and procedures, which deprived Plaintiff of his rights.

10.     As set forth in this Complaint, the actions, policies, practices, customs, and procedures of Defendants were the cause of, and the moving force behind, the statutory and constitutional violations in this case.

11.     Plaintiff brings this action not only for damages, but also for these express purposes:

   A.   for a declaration that the acts of Defendants were unconstitutional and violate clearly established laws;

   B.   for a complete expungement of any reference to a suspension, expulsion, or any other disciplinary action taken based upon the events related to his expression, from Plaintiff's transcript and complete student records and file;

   C.   for injunctive relief to immediately reinstate him to his team and school activities;

   D.   for changes to the policies and procedures of the School District so that no other students are punished for engaging in non-school related and off-campus free

speech; and

E.  for an award of Plaintiff's reasonable costs of litigation, including attorneys' fees and expenses, pursuant to 42 U.S.C. §1988 and other applicable law.

## JURISDICTION AND VENUE

12.     This action arises under the Constitution and laws of the United States. Jurisdiction is conferred on this Honorable Court pursuant to 28 U.S.C. § 1331 and 1343, and 42 U.S.C. § 1983, 1985, 1986, and 1988, and other Federal and State laws and regulations, to redress violations of federal statutes and state law.

13.     This Honorable Court has jurisdiction pursuant to Article III of the United States Constitution, 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(1), (2), (3), and (4). Declaratory relief is authorized pursuant to 28 U.S.C. § 2201 and 2202.

14.     This Honorable Court has supplemental jurisdiction regarding the remaining state claims pursuant to 28 U.S.C. § 1367 because the state claims arise out of the same nexus of facts and events.

15.     Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. § 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Honorable Court. Plaintiff's claims for damages are authorized under 42 U.S.C. § 1983, 42 U.S.C. § 2000d-7, and by the general legal and equitable powers of this Honorable Court.

16.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a "substantial part of the events or omissions giving rise to the claim occurred" in Ingham County, Michigan. One Hundred percent (100%) of the speech that was disciplined by Defendants occurred in Ingham County. Plaintiff and all other participants in the snap chat were physically located in Ingham County during the chat.

**PLAINTIFF**

17.    Child A is a student at South Lyon High School, a United States citizen, and a resident of Oakland County, Michigan.

18.    Child A is represented by his next friend, Parent A, for all purposes relating to this action and who is a United States citizen and resident of Oakland County, Michigan.

19.    Plaintiff is a minor and respectfully requests this Honorable Court to appoint his parent as next friend for the proposes of this action. Further, Plaintiff requests that the Court permit Plaintiff to use pseudonyms since Plaintiff is a minor.

**DEFENDANTS**

20.    Defendant South Lyon Community Schools is a public-school system located in Oakland County, Michigan, and is the governmental body responsible for operating the South Lyon High School. South Lyon Community Schools operates under the laws of the State of Michigan. South Lyon Community Schools office is located at 1000 N. Lafayette, South Lyon, Michigan 48178.

21.    Defendant South Lyon Community Schools Board of Education is the body responsible for managing the South Lyon Community Schools District and for adopting, implementing, and enforcing all school policies and the student code of conduct.

22.    Defendant Steven Archibald is the Superintendent of South Lyon Community Schools, is a resident of Michigan, and is a defendant in his individual and official capacities.

23.    Defendant Brian Toth is the Assistant-Superintendent of South Lyon Community Schools, is a resident of Michigan, and is a defendant in his individual and official capacities.

24.    Defendant Jae Ann White is the Restorative Practices Facilitator for South Lyon Community Schools, is a resident of Michigan, and is a defendant in her individual and official

capacities.

25.     Defendant James Brennan is the Principal of South Lyon Community Schools High School, is a resident of Michigan, and is a defendant in his individual and official capacities.

## FACTUAL ALLEGATIONS

26.     Plaintiff is a successful student at South Lyon the high school.

27.     On August 22, 2022, a private snap chat group was formed by minor children who are friends and teammates while they were in attendance at an MSU soccer game.

28.     The chat consisted of memes and photographs posted by the participants in the chat.

29.     In the course of their chat, some of the children shared inappropriate memes that included offensive images and language.

30.     The children were not attending a school event and were not supervised in any way by school officials. Plaintiff was not wearing a team uniform and was not representing the school while at the game.

31.     The children were under the supervision of their parents who solely organized the trip and went along to watch the athletic event at MSU with their children. The parents obtained and paid for a private bus and paid for all expenses for the event.

32.     No school equipment, phones, computers, or other electronic devices were used during the chat.

33.     The chat did not occur on school property or at a school sponsored event.

34.     The chat was not posted by Plaintiff to any public social media or other school hosted sites.

35.     The chat was never made public by any of the children.

36.     The chat did not target any person for bullying or harassment.

37.     The chat caused no disruption or problem at South Lyon high school.

38.     Defendants cannot claim that any of Plaintiff's memes were a threat to the school because Defendants held a threat assessment review and meeting with Plaintiff and his parents and determined that Plaintiff was no threat to the school (Exhibit C). There is no allegation by Defendant that Plaintiff ever threatened the school, other students, or school officials (Exhibit A).

39.     This snap chat group was a private chat visible only to the few children asked to join into the chat and the chat was not available on any public social media.

40.     Plaintiff did not post or otherwise distribute any of the content of the snap chat to any public social media site, to the school, to the student body, or to any other person outside of the chat.

41.     There was no intent by Plaintiff to make this private conversation public or to cause anyone to be hurt or upset.

42.     Other children on the snap chat also sent each other offensive memes and were not disciplined in the same manner as Plaintiff and were not suspended from their athletic teams for the entire season.

43.     The entirety of the chat occurred in private, did not occur at any South Lyon Community Schools location, at any school sponsored event, while traveling to or from a school event, or on any technology, web site, or equipment owned by the school.

44.     On August 26, 2022, despite conducting virtually no investigation, Defendants made an unlawful decision to suspend Plaintiff, barring him from attending extra-curricular activities and from participating on his athletic team this fall (Exhibit A).

45.     Neither Plaintiff, nor his parents, received any prior written notice of the disciplinary action, the grounds for his suspensions, or any advisement of his right to a hearing or other due process prior to being suspended.

46.     Defendants contacted local police authorities to request an investigation of possible criminal charges to be filed against Plaintiff (Exhibit A).

47.     Upon information and belief, Defendants shared portions of the non-public, non-posted, chat with other students and parents.

48.     Defendants, by their actions, alienated and stigmatized Plaintiff from his classmates and others in the school community.

49.     Plaintiff continues to be unlawfully suspended from extracurricular activities and his team for the content of his private speech without any hearing or sufficient notice of specific charges against him.

50.     Upon information and belief, Defendants placed a permanent record of this incident in Plaintiff's transcript, record, and file.

## GENERAL ALLEGATIONS
### SCHOOL POLICIES

51.     Defendants derive their authority to adopt and enforce school policies and a student code of conduct pursuant to MCL 380.11a.

52.     MCL 380.11a(3)(b) states that Defendants only have the authority to adopt and enforce policies and a student code of conduct that provides "for the safety and welfare of pupils while at school or a school sponsored activity or while enroute to or from school or a school sponsored activity."

53.     Nothing in MCL 380.11a(3)(b) grants any authority to Defendants to police or punish speech or expression that does not occur "at school or a school sponsored activity or while enroute to or from school or a school sponsored activity."

54.     Defendants' Acceptable Use Policy (8001 and 8001-AR - Exhibit B) only applies to "the use of technology in our schools and for school operations." As none of the snapchat

8

occurred on school property, through the use of school equipment, computers, or electronics, or other property, or at any activity sponsored by the school, the Acceptable Use Policy did not provide Defendants with any authority to discipline Plaintiff in this case.

55.     While not cited as justification for its punishment of Plaintiff, Defendants also have a Digital Communications Policy (8009 – Exhibit B) that regulates "digital communication that occurs off District premises and/or using non-District equipment."

56.     Defendants' improper expansion of its policy to include speech that does not occur "at school" or on school equipment violates MCL 380.11a(3)(b) and is an unconstitutional restriction of Plaintiff's First Amendment rights for all the reasons stated herein.

57.     It is undisputed that the entire snap chat occurred during the summer in Ingham County and did not happen while Plaintiff was traveling to and from school, at school, on school property, at school sponsored events, or at any school off campus events.

58.     Therefore, Defendants' policies cannot lawfully apply to this snap chat that occurred during the summer.

59.     Defendants adopted, authorized, mandated, and approved its policies in violation of Plaintiff's federal and state constitutional rights and Michigan statutory law.

## COUNT I – FIRST AMENDMENT VIOLATIONS
### 42 U.S.C § 1983
### AGAINST ALL DEFENDANTS

60.     Plaintiff hereby incorporates and repeats herein paragraphs 1 through 59 above as if fully restated herein.

61.     Plaintiff's out-of-school, off-campus speech is protected by the First Amendment to the United States Constitution, and it is protected by Article I, Section 5 of the Michigan Constitution.

62.     Plaintiff's speech was not a threat of any kind, let alone a true threat, it was not reasonably calculated to reach the school environment, nor did it pose any safety risk to the school.

63.     There was no disruption of any kind that occurred in the school environment resulting from the chat, and any minor problem that may have occurred was a result of Defendants' own overreaction to Plaintiff's speech and their violation of Plaintiff's privacy and constitutional rights, rather than the speech itself.

64.     Defendants did not have a constitutionally justified reason, nor legal authority, to discipline Plaintiff based upon the content of his private, non-school related speech. *Mahanoy Area School District v B.L.*, 594 US ____ (2021).

65.     Defendants are "persons" under 42 U.S.C § 1983.

66.     Defendants acted intentionally and under the color of state law, which violated Plaintiff's clearly established constitutional rights by illegally punishing him for his protected speech. This constitutes a violation pursuant to 42 U.S.C § 1983.

67.     Defendants acted with reckless, wanton, or callous indifference to Plaintiff's protected constitutional rights.

68.     Defendants violated Plaintiff's rights by suspending him and/or taking other disciplinary action at school because of his speech.

69.     Defendants' policies and/or procedures described above are in direct conflict with Plaintiff's First Amendment rights and are a custom, pattern, and practice of Defendants in violation of 42 U.S.C § 1983.

70.     Defendants' policies and procedures operate to force all students to curtail their speech and expression at all times in a manner prohibited by the First Amendment.

71.     Defendants failed to properly train, hire, and/or supervise its school officials regarding the proper policies, procedures, and limitations on student discipline, including the need to protect a student's First Amendment rights.

72.     Defendants' failure to properly hire, train, and/or supervise its school officials was a moving force behind the constitutional violations alleged herein and was a direct and proximate cause of Plaintiff's injuries.

73.     As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has suffered mental anguish, damage to his reputation, and suffered adverse consequences socially, educationally, and vocationally in an amount to be proven at trial.

74.     Defendants' actions violated Plaintiff's clearly established rights and were objectively unreasonable.

75.     Punitive damages are available against the individual Defendants and are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983).

76.     Plaintiff is entitled to recovery of his costs, including reasonable attorney fees, pursuant to 42 U.S.C. § 1988.

77.     Plaintiff is entitled to preliminary and permanent injunctions prohibiting further violations of his First Amendment rights.

78.     Plaintiff is entitled to injunctive relief ordering his immediate reinstatement to resume all school activities.

## COUNT II – FOURTEENTH AMENDMENT VIOLATIONS
### 42 U.S.C § 1983
#### AGAINST ALL DEFENDANTS

79.     Plaintiff hereby incorporates and repeats herein paragraphs 1 through 78 above as if fully restated herein.

80.     Education is a fundamental right and a property interest protected by the Fourteenth

11

Amendment to the United States Constitution. Plaintiff has a constitutionally cognizable property interest in, and a fundamental right to, an education under *Goss v. Lopez*, 419 U.S. 565, 574 (1975), and Article VIII, Section 2 of the Michigan Constitution.

81.     At a minimum, due process requires that any deprivation of property by adjudication be preceded by notice and a meaningful opportunity to be heard appropriate to the nature of the case.

82.     Plaintiff was disciplined after the snap chat, prior to a full investigation being completed, prior to providing the family a proper opportunity to be heard, and prior to establishing that Defendants had any authority to act.

83.     Plaintiff was deprived of any meaningful opportunity to contest the suspensions prior to them being imposed and enforced.

84.     Plaintiff was not given any notice as to how the private snap chat allegedly violated any school policies until after Plaintiff had been disciplined.

85.     Pursuant to Defendants' Disciplinary Referral Form (Exhibit A), Plaintiff was disciplined solely for violating the school's "Acceptable Use" policy (8001 and 8001-AR, Exhibit B).

86.     There is no allegation in Exhibit A that Plaintiff was disciplined for violating the school's "Digital Communications" policy (8009, Exhibit B).

87.     Plaintiff was suspended despite Defendants' "Acceptable Use" policy (Exhibit B) unequivocally stating that it only regulated conduct occurring on school property or at school events.

88.     Plaintiff gave notice to Defendants that they were acting outside the scope of their authority and requested that Plaintiff be fully reinstated to school activities and his team and Defendants refused.

89.     Defendants required Plaintiff to go to a meeting on cultural sensitivity and he complied with their request.

90.     Upon information and belief, a partial record of what occurred in the snap chat and Defendants' disciplinary response to it have been placed in Plaintiff's permanent school record, transcript, and file.

91.     Defendants acted outside the scope of their authority, disciplined Plaintiff for speech not occurring on school property or school equipment, did not follow their own policies and procedures, violated MCL 380.11a(3)(b), and thereby deprived Plaintiff of his due process rights and violated 42 U.S.C § 1983.

92.     Defendants further violated Plaintiff's due process rights by enforcing the inapplicable policy and suspending Plaintiff for engaging in a private snap chat, which is not lawfully covered by the policy, and thus Defendants acted outside the scope of their authority.

93.     Defendants failed to properly train, hire, and/or supervise its school officials regarding the proper policies, procedures, and limitations on student discipline, including the need to protect a student's Due Process rights.

94.     Defendants' failure to properly hire, train, and/or supervise its school officials was a moving force behind the constitutional violations alleged herein and was a direct and proximate cause of Plaintiff's injuries.

13

95.     As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has suffered mental anguish, damage to his reputation, and suffered adverse consequences socially, educationally, and vocationally in an amount to be proven at trial.

96.     Defendants' actions violated Plaintiff's clearly established rights and were objectively unreasonable.

97.     Punitive damages are available against the individual Defendants and are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983).

98.     Plaintiff is entitled to recovery of his costs, including reasonable attorney fees, pursuant to 42 U.S.C. § 1988.

99.     Plaintiff is entitled to preliminary and permanent injunctions prohibiting further violations of his Due Process rights.

100.    Plaintiff is entitled to injunctive relief ordering his immediate reinstatement to resume all school activities.

## COUNT III - MICHIGAN CONSTITUTIONAL VIOLATIONS
## AGAINST ALL DEFENDANTS

101.    Plaintiff hereby incorporates and repeats herein by reference paragraphs 1 through 100 as if fully restated herein.

102.    By reason of the aforementioned acts, policies, practices, customs and procedures created, adopted, and enforced under color of state law, Defendants deprived Plaintiff of his rights under Michigan's Constitution of 1963 as follows:

A.      **Article I, § 5 Freedom of speech**. Defendants' enforcement of the above-mentioned policies for all the reasons as stated above denied Plaintiff and students at the School District the right to "freely speak, write, express and publish his views on all subjects" and restrained or abridged their liberty of speech. In particular, Defendants

14

actions violated Plaintiff's free speech rights as they disciplined him for an incident which did not occur at school or at any school related function or activity.

B.      **Article VIII, § 2 Free public elementary and secondary schools; discrimination**. Defendants, for all the reasons as stated above, deprived Plaintiff of his right to fully participate in Michigan's "system of free public elementary and secondary schools as defined by law. Every school district shall provide for the education of its pupils without discrimination as to religion, creed, race, color, or national origin."

103.    The School District's training, supervision, policies, practices, customs, and procedures, punished and imposed discipline on Plaintiff for private speech/expression Defendants believed to be offensive.

104.    Defendants' actions injured Plaintiff by infringing on his free speech and due process rights through their discipline and suspension of Plaintiff and for failure to comply with its own policies and MCL 380.11a(3)(b).

105.    Defendants' actions injured Plaintiff by denying him the right to full and complete participation in all aspects of his public education as guaranteed under Article VIII, § 2.

106.    As a direct and proximate result of Defendants' violations of the state constitutional provisions specified above, Plaintiff has suffered, is suffering, and will continue to suffer, irreparable harm, including the loss of his fundamental constitutional rights, entitling him to declaratory and injunctive relief.

107.    As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has suffered mental anguish, damage to his reputation, and suffered adverse consequences socially, educationally, and vocationally in an amount to be proven at trial.

108.    Plaintiff is entitled to preliminary and permanent injunctions prohibiting further

violations of his state constitutional rights.

109.    Defendants' actions violated Plaintiff's clearly established rights and were objectively unreasonable.

110.    Plaintiff is entitled to injunctive relief ordering his immediate reinstatement to resume all school activities.

### COUNT IV - CONSTITUTIONAL VAGUENESS VIOLATIONS
### (First and Fourteenth Amendments; 42 U.S.C. § 1983)
### AGAINST ALL DEFENDANTS

111.    Plaintiff hereby incorporates and repeats herein by reference paragraphs 1 through 110 as if fully restated herein.

112.    The Due Process clauses of the United States Constitution and the Michigan Constitution require that the law provide predictability for all citizens. U.S. Const., Am. 14; Mich. Const. 1963, Article 1, §17.

113.    An unambiguously drafted school policy affords prior notice to the parents and students of conduct proscribed.

114.    A fundamental principle of due process, embodied in the right to prior notice, is that a policy is void for vagueness where its prohibitions are not clearly defined.

115.    Defendants' policies must give an ordinary parent and student notice of what is prohibited, so that a person may act within the confines of the policy.

116.    If a parent or student has to guess at what a policy means, or if the policy is not clearly defined, then the policy is void for vagueness.

117.    Defendants' policies are void for vagueness and invalid because of its overbreadth.

    A.    One policy permits misconduct occurring outside of school to be disciplined (8009) while other policies do not permit conduct outside of school to be

16

subject to discipline (8001, 8001-AR).

B.     Policy 8009 does not clearly state what off-campus speech will be subject to discipline or what, if any, limitations are in place to regulate Defendants' attempts to regulate such speech.

C.     The policies provide no explanation or definition for what type or form of misconduct is required in order for Defendants to invoke the policies.

D.     The policies provide no explanation or definition for what is "reasonable" or "appropriate" and gives no indication as to what type or what level of misconduct is necessary to invoke the policies.

E.     The policies are vague and overly broad because there is no limiting principle; the policies can be applied to any student, at any time, at any location, for anything, so long as the Defendants (in their sole discretion) determine the misconduct violates the school policy.

F.     The policies are unconstitutional because they are so vague and overbroad that they can be arbitrarily applied to silence speech Defendants' find offensive, no matter the location, venue, or audience of the speech.

118.   As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has suffered mental anguish, damage to his reputation, and suffered adverse consequences socially, educationally, and vocationally in an amount to be proven at trial.

119.   Defendants' actions violated Plaintiff's clearly established rights and are objectively unreasonable.

120.   Punitive damages are available against the individual Defendants and are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983).

121.    Plaintiff is entitled to recovery of his costs, including reasonable attorney fees, pursuant to 42 U.S.C. § 1988.

122.    Plaintiff is entitled to preliminary and permanent injunctions prohibiting further violations of his constitutional rights.

123.    Plaintiff is entitled to injunctive relief ordering his immediate reinstatement to resume all school activities.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court:

A.    declare that Defendants' actions in this case are unconstitutional and that Defendants violated Plaintiff's fundamental constitutional rights for the reasons set forth above;

B.    declare and make a finding that Defendants acted outside the scope of their authority and violated the cited statutes;

C.    declare and make a finding that Defendants' policies are vague, overbroad, and unconstitutional for the reasons set forth above;

D.    declare and make a finding that Defendants' policies are unconstitutional and that Defendants violated Plaintiff's fundamental constitutional rights for the reasons set forth above;

E.    issue a temporary restraining order, preliminary injunction, and permanent injunction, immediately reinstating Plaintiff to all school activities and fully expunging any record of this private incident from his complete student record, transcript, and file;

F.    award Plaintiff compensatory, punitive, and/or nominal damages against all Defendants;

G.    award Plaintiff his reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law; and

18

H.      grant such other and further relief as is just and appropriate.

Respectfully submitted,

**KALLMAN LEGAL GROUP, PLLC**

DATED: September 16, 2022.          /s/ *David A. Kallman*
                                    By:  David A. Kallman          (P34200)
                                    Attorney for Plaintiff
                                    5600 W. Mount Hope Hwy.
                                    Lansing, MI 48917
                                    517-322-3207
                                    dave@kallmanlegal.com

DATED: September 16, 2022.          /s/ *Stephen P. Kallman*
                                    By:  Stephen P. Kallman        (P75622)
                                    Attorney for Plaintiff
                                    5600 W. Mount Hope Hwy.
                                    Lansing, MI 48917
                                    517-322-3207
                                    steve@kallmanlegal.com

**I HEREBY STATE AND AFFIRM THAT I HAVE HAD READ THE FOREGOING VERIFIED COMPLAINT AND THAT IT IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION, KNOWLEDGE, AND BELIEF.**

DATED: September 16, 2022.          /s/ *Parent A*
                                    Parent A, as next friend for Plaintiff Child A.

19